IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARGARET BIANUCCI, *et al.*, individually and on behalf of all others similarly situated, | Lead Case No. 2:24-cv-03356-HB |
| Plaintiffs, | CLASS ACTION |
| v. | |
| RITE AID CORP., | |
| Defendant. | |

**ORDER GRANTING UNOPPOSED MOTION FOR
<u>PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT</u>**

The Court, having considered all matters submitted to it at the preliminary approval hearing and otherwise, and finding no just reason for delay in entry of this Preliminary Approval Order,[1] and good cause appearing therefore, and having considered the papers filed and proceedings held in connection with the Settlement, having considered all the other files, records, and proceedings in the Action, and being otherwise fully advised,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

<u>**PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT**</u>

1.  The Settlement Agreement, attached to Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement ("Motion for Preliminary Approval") as Exhibit 1, is incorporated fully herein by reference.

---

[1] Unless otherwise indicated or defined separately herein, all capitalized terms share the same definitions as those terms are defined in the Settlement Agreement.

2. The Court has jurisdiction over the claims at issue in this lawsuit, Plaintiffs Margaret Bianucci, Kathryn Edwards, Erica Judka, and Faith Spiker, individually and on behalf of all others similarly situated, and Defendant Rite Aid Corporation.

3. This Order is based on Fed. R. Civ. P. 23.

4. The Court finds that the Parties' Settlement as set forth in Exhibit 1 to Plaintiffs' Motion for Preliminary Approval of Class Action Settlement is fair, reasonable, and adequate, and falls within the range of possible approval, and was entered into after extensive, arm's-length negotiations, such that it is hereby preliminarily approved and notice of the Settlement should be provided to the Settlement Class Members.

## PROCEDURAL HISTORY

5. This case arises from a Data Breach discovered by Rite Aid on or about June 6, 2024. An unknown third party impersonated a company employee to compromise their business credentials and gain access to certain of Rite Aid's business systems (i.e., the Data Breach). Following the investigation of the Data Breach, Rite Aid determined that certain data associated with the purchase or attempted purchase of specific retail products was compromised or potentially compromised by the unknown third party during the Data Breach. This data included names, addresses, dates of birth, and driver's license numbers or other forms of government-issued ID of approximately 2.2 million individuals presented at the time of purchase at certain Rite Aid locations between June 6, 2017, and July 30, 2018.

6. Beginning in July 2024, five putative class actions were filed in this Court on behalf of persons whose information was compromised or potentially compromised as part of the Data Breach. The Plaintiffs in these cases allege, *inter alia*, that Rite Aid failed to take reasonable measures to safeguard the sensitive data entrusted to it. The Court entered an order on August 16,

2024 consolidating these cases under the first-filed case caption, *Bianucci, et al. v. Rite Aid Corp.*, Case No. 2:24-cv-03356-HB, and appointing Andrew W. Ferich of Ahdoot & Wolfson, PC, Benjamin F. Johns of Shub Johns & Holbrook LLP, Kevin Laukaitis of Laukaitis Law LLC, Thomas E. Loeser of Cotchett Pitre & McCarthy, and Ashley Crooks of Hausfeld LLP as interim co-lead counsel pursuant to Fed. R. Civ. P. 23(g). *See* ECF No. 11.

7. Plaintiffs filed the operative Consolidated Complaint on September 16, 2024. ECF No. 21. The Consolidated Complaint asserts claims for negligence, negligence per se, breach of fiduciary duty, breach of implied contract, unjust enrichment, and violations of consumer protection laws, and seeks declaratory and injunctive relief. *Id.* Rite Aid filed its motion to dismiss on October 16, 2024, seeking to dismiss the case in its entirety under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) (the "Motion"). ECF No. 27. Plaintiffs filed an opposition to Rite Aid's Motion on November 6, 2024. ECF No. 29. On November 20, 2024, Rite Aid filed its reply in support of its Motion. ECF No. 33.

8. Concurrent with their briefing on Defendant's Motion, the parties set a mediation date for January 22, 2025. In advance of the mediation date, the parties exchanged considerable mediation discovery and multiple mediation-related briefs. At mediation the parties were able to reach an agreement in principle through a mediator's proposal. The final Settlement Agreement was negotiated thereafter and executed by all parties.

## **SETTLEMENT BENEFITS**

9. The Settlement negotiated on behalf of the Class provides for a $6,800,000 non-reversionary Settlement Fund that will be used to pay for Administrative Expenses, taxes, and any Class Representative Service Awards and Fee Award and Costs. The remaining amount in the net settlement fund (the "Net Settlement Fund") will be used to pay for Approved Claims submitted

by Class Members for Settlement Benefits. Class Members may submit a Claim Form for only one of the following Settlement Benefits:

a. <u>Documented Losses Payment</u>: Settlement Class Members may submit a Claim Form for a Documented Losses Payment seeking up to $10,000 per person for the reimbursement of documented losses supported by Reasonable Documentation. Documented Losses must be supported sufficiently to show that the claimed loss is more likely than not a result of the Data Breach. The Settlement Administrator will review these claims for compliance with the requirements of the Settlement Agreement. Any claim for a Documented Loss Payment that is rejected, if not timely cured, will be considered as a claim for a Cash Fund Payment by the Settlement Administrator.

b. <u>Cash Fund Payment</u>: Settlement Class Members may instead elect to receive a *pro rata* flat cash payment ("Cash Fund Payment"). The actual amount a Settlement Class Member will receive for this option will vary depending on the number of Approved Claims submitted. Settlement Class Members who submit a Claim for a Cash Fund Payment are not entitled to also select the Documented Loss Payment.

10. In addition to the monetary Settlement Benefits, Rite Aid will implement certain data security measures and enhancements as set forth in the Settlement Agreement.

11. The Settlement Fund shall be used to make payments for the following: (i) Notice and Administrative Expenses; (ii) attorneys' fees and litigation costs and expenses (i.e., any Fee Award and Costs; (iii) Approved Claims for Documented Losses Payments, up to $10,000 per Claim; (iv) Approved Claims for Cash Fund Payments, to be paid on a *pro rata* basis; (v) any Class Representative Service Awards awarded by the Court; and (vi) taxes.

12. Importantly, the Settlement Fund is non-reversionary. To the extent any monies remain in the Net Settlement Fund more than 120 days after the distribution of Settlement Payments, a subsequent Settlement Payment will be evenly made to all Settlement Class Members with Approved Claims for Cash Fund Payments who cashed or deposited the initial payment they received, assuming such payment is over $3.00. The distribution of this remaining Net Settlement Fund shall continue until the average check or digital payment in a distribution is less than $3.00. Should any amount remain in the Net Settlement Fund thereafter, 100% of the amount remaining in the Net Settlement Fund following the check negotiation period and after all efforts to re-send returned Settlement payments have concluded, shall be given to the Pennsylvania Interest on Lawyers Trust Account Board (PA IOLTA), pursuant to Pa. R. Civ. P. 1716.

## CLASS CERTIFICATION

13. For purposes of settlement only, the Court provisionally certifies the class, defined as follows:

> All residents of the United States whose Personal Information was compromised or potentially compromised in the Rite Aid Data Breach, including all persons who received notice of the Data Breach. Excluded from the Settlement Class are: (1) the Judge(s) presiding over the Action and members of their immediate families and their staff; (2) Rite Aid, its subsidiaries, parent companies, successors, predecessors, and any entity in which Rite Aid or its parents, have a controlling interest, and its current or former officers and directors; (3) natural persons who properly execute and submit a Request for Exclusion prior to the expiration of the Opt-Out Period; and (4) the successors or assigns of any such excluded natural person.

14. The Court provisionally finds, pursuant to Fed. R. Civ. P. 23(a) and (b), for settlement purposes only, that: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the Class Representatives' claims are typical of the claims of the Settlement Class; (d)

the Class Representatives and Class Counsel will fairly and adequately protect the interests of the Settlement Class; and (e) the Court finds that the questions of law or fact common to the Settlement Class Members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

## **CLASS COUNSEL AND THE CLASS REPRESENTATIVES**

15. Plaintiffs Margaret Bianucci, Kathryn Edwards, Erica Judka, and Faith Spiker are hereby provisionally designated and appointed as the Class Representatives. The Court provisionally finds that the Class Representatives are similarly situated to absent Settlement Class Members and are typical of the Settlement Class, and, therefore, they will be adequate Class Representatives.

16. The Court finds that Andrew W. Ferich of Ahdoot & Wolfson, PC, Benjamin F. Johns of Shub Johns & Holbrook LLP, Thomas E. Loeser of Cotchett Pitre & McCarthy LLP, Kevin Laukaitis of Laukaitis Law LLC, and Ashley Crooks of Hausfeld LLP are experienced and adequate counsel, and are provisionally designated as Class Counsel.

## **NOTICE TO SETTLEMENT CLASS**

17. <u>On or before April 8, 2025</u> (i.e., the Notice Date), or such other time as may be ordered by the Court, the Settlement Administrator shall disseminate the Notice to the Settlement Class as follows:

   a. For any Settlement Class Member for whom a physical address is reasonably available, the Settlement Administrator will send the Summary Notice (in postcard form) by U.S. mail, postage prepaid;

b.  For every Notice sent via U.S. Mail, the Settlement Administrator shall perform any further investigations deemed appropriate by the Settlement Administrator, including using the National Change of Address ("NCOA") database maintained by the United States Postal Service, in an attempt to identify current mailing addresses for individuals or entities whose names are provided by Rite Aid;

c.  For any Notice that has been returned by the Postal Service as undeliverable, the Settlement Administrator shall re-mail the notice to the forwarding address, if any, provided by the Postal Service on the face of the returned mail;

d.  At the direction and discretion of the Parties, the Settlement Administrator shall perform reasonable address traces for those postcard Summary Notices that are returned as undeliverable. If the Parties elect remailing, then no later than June 1, 2025, the Settlement Administrator shall complete the re-mailing of postcard Summary Notice to those Settlement Class members whose new addresses were identified as of that time through address traces. The Parties have the discretion to elect alternative means of class member notice in lieu of re-mailing postcard notices.

e.  Neither the Parties nor the Settlement Administrator shall have any other obligation to re-mail individual notices that have been mailed.

18. Prior to any dissemination of the Notice and prior to the Notice Date, the Settlement Administrator shall cause the Settlement Website to be launched on the internet no later than 14 days after the entry of the Preliminary Approval Order. The Settlement Administrator shall create, maintain, and periodically update the Settlement Website. The Settlement Website shall contain information regarding how to submit Claim Forms (including submitting Claims Forms

7

electronically through the Settlement Website) and relevant documents, including, but not limited to, the Long Form Notice, the Claim Form, the Settlement Agreement, the Preliminary Approval Order entered by the Court, and the operative Complaint, as well as the date, time, and place of the Final Approval Hearing. The Settlement Website shall also include a toll-free telephone number and mailing address through which Settlement Class Members may contact the Settlement Administrator directly.

19.     The Long Form Notice, Summary Notice (postcard), and Claim Form, attached as Exhibits D, F, and A, respectively, to the Settlement Agreement, are constitutionally adequate and are hereby approved. The Notice contains all essential elements required to satisfy federal statutory requirements and due process. The Court further finds that the form, content, and method of providing the Notice, as described in the Settlement Agreement, including the exhibits thereto: (a) constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated to apprise Class Members of the pendency of the Action, the terms of the Settlement, their rights under the Settlement, including, but not limited to, their rights to object to or exclude themselves from the Settlement; and (c) are reasonable and constitute due, adequate, and sufficient notice to all Class Members.

20.     The Notice Plan set forth in the Settlement Agreement provides the best notice practicable under the circumstances, and is hereby approved.

21.     The Settlement Administrator is directed to carry out Notice and the Notice Plan, as set forth in the Settlement Agreement.

## **OPT-OUT AND OBJECTIONS**

22.     Class Members may submit a request to opt-out or object to the Settlement <u>on or before June 6, 2025</u>.     Any Settlement Class Member may submit a request to opt-out of

the Settlement at any time during the Opt-Out Period by adhering to the requirements of Section 6.8 of the Settlement Agreement. Any individual in the Settlement Class who does not timely and validly request to opt-out shall be bound by the terms of this Agreement even if he or she does not submit a valid claim.

23. Opt-outs may only be on an individual basis, and no person may request to be excluded from the Settlement Class through "mass" or "class" opt-outs. Any Class Member who timely requests exclusion shall not: (i) be bound by any Final Approval Order or the Judgment; (ii) be entitled to the Settlement Benefits under the Settlement Agreement; (iii) gain any rights by virtue of the Settlement Agreement; or (iv) be entitled to object to any aspect of the Settlement Agreement.

24. Any Class Member who wishes to object shall submit a timely written notice of his or her objection <u>on or before June 6, 2025</u>. For an objection to be considered by the Court, the objection must comply with all requirements set forth in Section 6.9 of the Settlement Agreement. All objections must be filed or postmarked on or before the Objection deadline.

25. Any Settlement Class Member who does not make their objections in the manner and by the date set forth in Paragraph 24 shall be deemed to have waived any objections and shall be forever barred from raising such objections in this or any other action or proceeding, absent further order of the Court.

26. Without limiting the foregoing, any challenge to the Settlement Agreement, this Order Granting Preliminary Approval of the Class Action Settlement Agreement, and the Final Approval Order and Judgment shall be pursuant to the applicable appellate rules and not through a collateral attack.

**ADMINISTRATION OF SETTLEMENT**

27. The Class Representatives, Class Counsel, and Rite Aid have created a process for assessing the validity of claims and a payment methodology to Class Members who submit timely, valid Claim Forms. The Court hereby preliminarily approves the Settlement Benefits to the Settlement Class and the plan for distributing the Settlement Benefits as described in Section 3 of the Settlement Agreement.

28. The Court appoints Kroll Settlement Administration, LLC as Settlement Administrator.

29. The Court directs that the Settlement Administrator effectuate Notice and the distribution of Settlement Benefits according to the terms of the Settlement Agreement, should the Settlement be finally approved.

30. Settlement Class Members who qualify for Settlement Benefits and who wish to submit a Claim Form shall do so in accordance with the requirements and procedures specified in the Notice. Settlement Class Members who wish to submit a Claim Form must do so <u>on or before July 7, 2025</u> (i.e., the Claims Deadline). For avoidance of doubt, to be considered timely, Claim Forms must be postmarked (if mailed) or electronically received (if filed on the Settlement Website) by or before the Claims Deadline.

31. If the Final Approval Order and Judgment are entered, all Settlement Class Members who fail to submit a claim in accordance with the requirements and procedures specified in the Notice, and who do not timely exclude themselves from the Settlement Class, shall be forever barred from receiving any payments or benefits pursuant to the Settlement set forth herein, but will in all other respects be subject to, and bound by, the provisions of the Settlement Agreement, the releases contained therein, and the Final Approval Order and Judgment.

32. The Settlement Fund shall be used by the Settlement Administrator to pay for: (1) Settlement Benefits to those Class Members who submit an Approved Claim; (2) any Service Awards awarded to the Class Representatives; (3) any attorneys' fees and costs and expenses awarded to Class Counsel; (4) all Notice and Administrative Expenses; and (5) applicable taxes, pursuant to the terms and conditions of the Settlement Agreement.

## FINAL APPROVAL HEARING

33. A Final Approval Hearing shall be held on Thursday, July 17, 2025, at 10:00 A.M. in Courtroom 16A, United States Courthouse, 601 Market Street, Philadelphia, Pennsylvania 19106. This information shall be set forth on the Settlement Website.

34. The Court may require or allow the Parties and any objectors to appear at the Final Approval Hearing either in person or by telephone or videoconference.

35. At or following the Final Approval Hearing, the Court will determine whether to enter the Final Approval Order and Judgment, and whether to grant the motion for a Fee Award and Costs, and Service Awards. Such proposed Final Approval Order shall, among other things: (a) Determine that the Settlement is fair, adequate, and reasonable; (b) Finally certify the Settlement Class for settlement purposes only; (c) Determine that the Notice Plan satisfies Due Process requirements; (d) Bar and enjoin all Releasing Parties from asserting any of the Released Claims at any time and in any jurisdiction, including during any appeal from the Final Approval Order; bar and enjoin all Releasing Parties from pursuing any Released Claims against Released Parties at any time and in any jurisdiction, including during any appeal from the Final Approval Order; and retain jurisdiction over the enforcement of the Court's injunctions; (e) Release Defendant and the Released Parties from the Released Claims; and (f) Reserve the Court's

continuing and exclusive jurisdiction over the Parties to this Agreement, including Defendant, Plaintiffs, all Settlement Class Members, and all objectors, to administer, supervise, construe, and enforce this Agreement in accordance with its terms.

36. Class Counsel shall file a motion for attorneys' fees, litigation costs and expenses, and Class Representatives' requests for Service Awards no later than 14 days prior to the deadline for objections.

37. Class Counsel shall file a motion for final approval of the Settlement no later than 14 days after the objection deadline.

## **TERMINATION**

38. This Order shall become null and void and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions, if the Settlement is not finally approved by the Court or is terminated in accordance with Section 10 of the Settlement Agreement.

39. In the event this Agreement is terminated or fails to become effective, then the Parties shall return to the *status quo ante* in the Action as if the Parties had not entered into this Agreement, and the parties shall jointly file a status report in the Court seeking to reopen the Action and all papers filed. In such event, the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Parties and shall not be used in this case or in any other action or proceeding for any other purpose, and any order entered by this Court in accordance with the terms of the Settlement Agreement shall be treated as vacated, *nunc pro tunc*.

40. In the event the Settlement Agreement is terminated or fails to become effective, all funds in the Settlement Fund shall be promptly returned to Defendant. However, Defendant shall have no right to seek from Plaintiffs, Class Counsel, or the Settlement Administrator the

Administrative Expenses paid by or on behalf of Defendant. After payment of any Settlement Administration Costs that have been incurred and are due to be paid from the Settlement Fund, the Settlement Administrator shall promptly return the balance of the Settlement Fund to Defendant following termination.

41. In the event of a termination, the Agreement shall be considered null and void; all of Plaintiffs', Class Counsel's, Defendant's, and Defendant's Counsel's obligations under the Settlement shall cease to be of any force and effect; and the Parties shall return to the *status quo ante* in the Action as if the Parties had not entered into this Agreement. In addition, in the event of such a termination, all the Parties' respective pre-Settlement rights, claims, and defenses will be retained and preserved.

42. In the event the Settlement is terminated in accordance with the provisions of the Agreement, any discussions, offers, or negotiations associated with the Settlement shall not be discoverable or offered into evidence or used in the Action or any other action or proceeding for any purpose. In such event, all Parties to the Action shall stand in the same position as if the Agreement had not been negotiated, made, or filed with the Court.

43. This order shall have no continuing force or effect if Final Judgment is not entered and shall not be construed or used as an admission, concession, or declaration by or against Rite Aid of any fault, wrongdoing, breach, liability, or the certifiability of any class.

**IT IS SO ORDERED:**

Date: March 4, 2025                                        **BY THE COURT:**

/s/ Harvey Bartle III
HONORABLE HARVEY BARTLE III
UNITED STATES DISTRICT JUDGE